# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

T&T BUILDING MANAGEMENT SERVICES, INC.,

   Debtor-in-Possession.

Case No. 09-11570-RGM
(Chapter 11)

## MEMORANDUM OPINION

The question presented is whether a creditor should be sanctioned for delivering his trial exhbits to the debtor-in-possession two days late.

The creditor filed a motion to appoint a chapter 11 trustee. A scheduling order set the trial for June 3, 2009, and required all exhibits, properly bound and tabbed, to be filed and exchanged on or before May 26, 2009. The creditor electronically filed his exhibit list with the court on May 26, 2009. On the same day, in response to the debtor-in-possession's discovery request, he delivered a box containing several hundred pages of documents to debtor's counsel. The cover letter stated that a separate exhibit book was included. It was not. Debtor's counsel immediately contacted creditor's counsel. Creditor's counsel delivered the exhibit book to debtor's counsel two days later. In the interim, debtor's counsel reviewed all of the documents produced trying to anticipate which ones would be trial exhibits. He spent more than two hours on this task. He would not have spent this time on this task if the exhibit book had been timely delivered. However, because trial was scheduled for June 3, 2009, and objections to the exhibits were due by May 29, 2009, he felt that he had no other choice.

While late delivery of exhibits can be sufficient grounds to deny the admission of the exhibits into evidence, debtor's counsel agreed that he was not prejudiced by the late delivery of the

exhibit book except for the additional work he undertook. The court allowed the creditor's exhibits into evidence, however, the creditor must pay any increased costs the debtor incurred as a result of the late delivery of the exhibit book.

Creditor's counsel argues that the debtor was not prejudiced because a copy of the exhibit list was filed electronically and available to debtor's counsel at the time the box of documents was delivered. He argues that debtor's counsel should have simply gone through the box and pulled out the exhibits identified on the exhibit list. Nineteen exhibits were identified. While it is true that debtor's counsel could have looked on the court's electronic docket and found the exhibit list, he did not think of this. Nor did it occur to creditor's counsel to refer him to the electronically filed exhibit list or to e-mail him a copy. Even if either counsel had thought of this, debtor's counsel would still have had to have gone through the hundreds of pages submitted, locate the nineteen exhibits, and organize them.

The purpose of the scheduling order is to permit both counsel to prepare for the trial in an expeditious and efficient manner. Preparation of the exhibit book is an important part. It places all of the exhibits in one place and does not require opposing counsel to sift through hundreds of documents to find nineteen documents referred to in the exhibit list.

The prejudice that resulted in the failure to comply with the pre-trial order was simply the additional time debtor's counsel expended. He reasonably expended two additional hours attempting to determine which of the documents produced would likely be used as exhibits. This work is somewhat different than reviewing the documents as responses to a document request. Even if he had thought to find out if an exhibit list had been filed with the court, he would have spent time locating the nineteen exhibits and organizing his own exhibit book. His conduct in this case was reasonable and the creditor will be required to pay the additional costs incurred.

Alexandria, Virginia
June 15, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Januario G. Azarcon
Justin M. Reiner

15236